**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 15a0033n.06

Case No. 14-5855

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | Jan 12, 2015 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE MIDDLE DISTRICT OF |
| CHARLES SCARBOROUGH, | ) | TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: GIBBONS and COOK, Circuit Judges; GWIN, District Judge.[*]

PER CURIAM. A magistrate judge found Charles Scarborough guilty of threatening and intimidating a forest officer. *See* 36 C.F.R. § 261.3(a) ("Threatening, resisting, intimidating, or interfering with any forest officer engaged in or on account of the performance of his official duties in the protection, improvement, or administration of the National Forest System is prohibited."). On initial appeal under Federal Rule of Criminal Procedure 58, the district court found the evidence sufficient to sustain the colleague conviction and affirmed. Scarborough now reasserts his sufficiency-of-the-evidence challenge before this court. We find that the district court's opinion diligently and correctly sets out the undisputed facts and the governing law.

---

[*]The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

Scarborough offers only one new argument on appeal—that intimidation is merely a species of true threat, and because "the magistrate judge specifically found that Mr. Scarborough *did not threaten* Ms. Hawkins, this Court should find, without more, that the evidence failed to establish that Mr. Scarborough intimidated Ms. Hawkins." Yet as the Ninth Circuit noted when faced with a similar challenge, "'threatening, resisting, intimidating, or intentionally interfering' are stated disjunctively so that proof of any one of the acts alone constitutes an offense." *United States v. Bucher*, 375 F.3d 929, 933 (9th Cir. 2004). Scarborough fails to persuade us to depart from our sister circuit's reasoning that one may intimidate a forest officer without necessarily threatening her. *See United States v. Hoff*, 22 F.3d 222, 223–24 (9th Cir. 1994) (affirming conviction where the lower court found that the defendant "intimidated" a forest officer "but did not threaten or assault her").

Because this court's issuance of a full opinion would be duplicative and serve no jurisprudential purpose, we AFFIRM Scarborough's conviction on the basis of the district court's well-reasoned opinion of June 12, 2014.